# IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT

26 PM 3: 20

BY·

JOSEPH E. MONTAGUE, JOHNNY M. SAN )
NICOLAS, CYRUS M. HILL, JR., DAVID A. )
MANTANONA, CHRISTOPHER Q. )
PAULINO, WILLIAM C. MCDONALD, )
THERESA M. SABLAN, FRANK P. )
MARIANO, and ANTONINA MAGO, )
)
)
             Plaintiffs, )
)
    vs. )
)
)
)
TELEGUAM HOLDINGS, LLC, dba GTA )
and DOES 1–10, inclusive, )
)
)
            Defendants. )
_____ )

CIVIL CASE NO. CV0159-08

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 29th day of October, 2008, for hearing on the Defendants' Motion for Summary Judgment. Attorney William L. Gavras represented the Plaintiffs, and Attorney Terrence M. Brooks represented the Defendants. The Court now issues the following Decision and Order on the matter.

## DISCUSSION

Summary judgment should be granted when no material facts are in dispute and the moving party is entitled to judgment as a matter of law. Iizuka Corporation v. Kawasho International (Guam), Inc., 1997 Guam 10, ¶8. The burden is always on the moving party and the court must review the facts in the light most favorable to the non-moving party. Id. If the movant can demonstrate that there exists no genuine issue of material fact, the non-movant cannot merely rely upon the assertions contained in the complaint, but must produce significant probative

evidence tending to support the complaint. Id. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Bank of Guam v. Flores, 2004 Guam 25,730 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242,247--248, 106 S.Ct. 2505, 91 L.Ed.2d 202(1986)). Whether a fact is material is determined by the governing substantive law; if the fact may affect the outcome, it is material. However, "[f]actual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242,248, 106 S.Ct. 2505, 91 L.Ed.2d 202(1986).

The issue in this case is whether a written contract between the parties was modified. Therefore, the law governing contract modification governs what facts are material to this case.

The moving party carries the burden of showing the court the relevant information which it believes demonstrate the absence of an issue of inaterial fact. The moving party is not required to negate each element of the non-moving party's case. Rather, the moving party satisfies and discharges its burden by establishing the absence of evidence to support the non-moving party's case. Edwards v. Pacific Fin. Corp., 2000 Guam 27, ¶7; Kim v. Hong, 1997 Guam 11, ¶6, 1998 WL 817699 (Sup. Ct. Guam 1997)(citing Celotex Corp. v. Catrett, 477 U.S. 317,325 (1986)).

In this case, the Defendants have submitted evidence that the Plaintiffs were employed with Teleguam Holdings LLC, pursuant to written employment contracts. On June 10,2008, the Defendants requested admissions from each of the Plaintiffs pursuant to GRCP Rule 36. Defendants' Exhibit 1. Plaintiffs Johnny M. San Nicolas, David A. Mantanona, William C. McDonald, Frank P. Mariano, and Antonina Mago have never responded to these requests. Decl. of Terrence M. Brooks, p.2, ¶4. Under GRCP Rule 36, these matters are deemed admitted by the

Plaintiffs who failed to respond. GRCP Rule 36(a)(2007). The remaining Plaintiffs responded and admitted to each of the requested admissions. Defendants' Exhibit 2. Accordingly, all of the matters admitted pursuant to these admissions are conclusively established for the purposes of this case. GRCP Rule 36(b)(2007).

Accordingly, under GRCP Rule 36, and the admissions of all the Plaintiffs, the following facts are undisputed. Each of the Plaintiffs entered into a written Employment Agreement with Teleguam Holdings, LLC., agreed to the terms contained therein, and upon termination, each Plaintiff accepted and cashed a severance check issued in accordance with the Employment Agreement. Defendants' Exhibits 1 and 2.

If a lack of evidence is established by the moving party, the non-moving party must present specific facts showing there is a genuine issue for trial. The non-moving party may not rely on conclusory allegations contained in the pleadings, but must present some significant probative evidence tending to support the assertions. Id.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). There can be no "genuine issue of material fact" if there is a complete failure of proof concerning an essential element of the nonmoving party's case, since such failure renders all other facts immaterial. Id., at 323.

Once a lack of evidence to support the plaintiffs case is established by the moving party, the plaintiff must rebut, by presenting specific facts showing there is a genuine issue for trial. The

plaintiff may not rely on conclusory allegations, but must present some significant probative evidence tending to support the assertion of fact. Id.

This burden shift is reiterated within the language of Rule 56 itself. Rule 56(e) requires that:

> When a motion for summary judgment is made and supported as provided in this rule, *an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading,* but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. *If the adverse party does not so respond, summary judgment,* if appropriate, *shall be entered against the adverse party.*

GRCP Rule 56(e)(2007)(emphasis added).

Affirming the burden shift in Rule 56, the United States Supreme Court has established that in cases where the non-movant will bear the ultimate burden of proof on a certain issue at trial, in the face of evidence showing an absence of evidence to support an essential element of the claim, the non-movant must provide the court with sufficient evidence to show that the non-movant can prevail at trial. As observed by the highest court:

> In our view, the plain language of Rule 56( c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).

In bringing this motion for summary judgment, the Defendants have produced evidence indicating the absence of proof on one or more essential elements of Plaintiffs case of breach of

contract, namely, that written employment contracts were executed between each of the Plaintiffs and the Defendants, that each employment contract contains an express provision allowing the Defendants to terminate each Plaintiff without cause. In each of the Plaintiffs' contracts, the provision states:

> 4. **Termination.** This Agreement commences as of the date first set forth above and shall continue for a period of five (5) years thereafter, unless terminated earlier as permitted under this Agreement. Specifically, this Agreement may be terminated before the expiration of the five (5) year term, as follows: . . . E. **Termination without Cause.** The Company may terminate this Agreement and the Employee's employment with the Company without cause upon thirty (30) days' prior written notice; provided, however, that in the event of such an involuntary termination without cause, the Employee shall be entitled to a severance package from the Company that meets or exceeds the terms set forth in Attachment C.

Defendant's Exhibit 1, Employment Agreements of Plaintiffs, ¶4(E).

Further, the Defendants have produced evidence that the Defendants acted in conformity with the termination without cause provisions by giving each Plaintiff 30 days notice and **a** severance package as provided in the employment contract. More importantly, the Defendants have shown that the Plaintiffs also acted in conformity with the provisions of the contract by accepting and cashing the severance checks issued to them under the employment contract.

At trial, under Guam law, the Plaintiffs bear the burden of proof on breach of contract claims, and therefore, the burden has shifted to the Plaintiffs to show: (1) that there was **a** modification of the employment contracts executed in this case; and (2) that there was a breach of the modified contracts.

In response, the Plaintiffs have submitted the declarations of Plaintiffs Joseph E. Montague, Johnny M. San Nicolas, Cyrus M. Hill, Jr., David A. Mantanona, and Christopher Q.

Paulino stating that the Defendants or their representatives made statements to the effect that these Plaintiffs would not be fired without cause, despite the express provisions of the Employment Agreement. The declaration of Theresa M. Sablan contains no statement that she was ever told that she would not be fired without cause, and no declarations have been submitted by William C. McDonald, Frank P. Mariano, or Antonina Mayo.

Once the burden is shifted to the nonmoving party, under Rule 56(e), the nonmoving party must make a sufficient showing of evidence through affidavits, deposition testimony, or interrogatories. These "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." GRCP Rule 56(e)(2007).

As no declarations have been submitted by William C. McDonald, Frank P. Mariano, or Antonina Mayo to show that they ever agreed with the Defendants to modify their written employment contracts or believed that their employment contracts were modified to prevent them from being terminated without cause, these Plaintiffs have failed their burden of proof under Rule 56(e), and summary judgment must be entered against them. The declaration of Theresa M. Sablan also contains no mention that her employment contract was ever modified in any way, and consequently, summary judgment must also be entered against her for failure to meet her burden of proof under Rule 56(e).

After considering the declarations submitted by the remaining Plaintiffs, the Court finds there is still no issue of material fact presented in this case. The Plaintiffs' Amended Complaint alleges that the oral modification to the employment contract occurred "[s]ometime after November 2004." The declarations of each of the remaining Plaintiffs state that oral

representations were made to the Plaintiffs stating that they would not be terminated without cause both before and after signing the employment agreements. The Court is unsure whether these Plaintiffs are alleging that the contract was modified before or during the execution of the contracts, or after the contracts became effective. The Court will address both scenarios.

**A.** **Alleged Oral Modification Before or Contemporaneously With Execution of Written Employment Contracts.**

If the Plaintiffs are contending that a different employment agreement was reached due to oral representations made by the Defendant, before or at the same time as the contract became effective, the Plaintiffs' evidence of any oral agreements reached is inadmissible and cannot be considered by the Court in determining the intention and effect of the final written contract. Pursuant to Title 18 G.C.A. $86107, "[t]he execution of a contract in writing. . . supersedes all the negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument." Where the parties express their agreement in writing, any other agreements made prior to the writing or contemporaneously are irrelevant. *See also* 6 GCA $2511. Thus, the Court finds that the written agreement signed by the Defendants supersedes any previous or contemporaneous agreement between the parties concerning employment. Consequently, if the oral modification is alleged to have occurred before or during the signing of the contract, there can be no issue of material fact as to that issue, as the final written agreement controls, and the Defendants are not alleged to have violated the written agreement.

**B.** **Alleged Modification After Execution of the Written Employment Contracts.**

Defendants have provided evidence of each written Employment Agreement with Teleguam Holdings, LLC., and invoices generated reflecting that upon termination, each Plaintiff

accepted and cashed a severance check issued in accordance with the Employment Agreement. Defendants' Exhibits 1 and 2. These pieces of evidence and the admissions of the Plaintiffs reflect no changed agreement and acquiescence on the part of each Plaintiff with the terms of the original written agreement. Defendants' Exhibit 2. Consequently, the Defendants have met their initial burden of proof, and the burden has now shifted to the Plaintiffs.

In response to the motion and the evidence of the Defendants, Plaintiffs have presented the declarations of Joseph E. Montague, Johnny M. San Nicolas, Cyrus M. Hill, Jr., David A. Mantanona, and Christopher Q. Paulino to show a material issue of fact as to whether the Defendants agreed to modify the original agreement, arguing that oral representations were made after they signed the contracts, reassuring the Plaintiffs that they would not be fired without cause.

Under Guam law, a written contract may only be modified by subsequent written agreements or subsequent executed oral agreements. 18 GCA § 89302. The Defendants argue that under the Guam Supreme Court case Quijano v. Atkins-Kroll. Inc., an employment contract may be implied. This Court finds that the case is inapplicable to the facts of this case. In Quijano v. Atkins-Kroll, Inc., the Guam Supreme Court found that an employment contract may be implied under certain circumstances, *in the absence of a written employment contract.* Quijano v. Atkins-Kroll, Inc., 2008 Guam 14, ¶¶3, 9–11 (Sup.Ct.Guam 2008). In this case, there were written employment contracts executed between each of the Plaintiffs and the Defendant. Moreover, the Quijano v. Atkins-Kroll, Inc., case did not address modifications of an existing contract, it only determined the factors used to determine the *existence* of an implied contract. Accordingly, because the Quijano case does not apply to these facts, and existing contracts may only be modified expressly and in writing under Guam law, the written Employment Agreement

entered by the parties in this case could not be orally or impliedly modified. 18 GCA § 89302.

Even if the Court were to consider that the employment contract in this case could be impliedly modified, the Plaintiffs have still failed to demonstrate the requisite factual showing of modification. In other jurisdictions, an agreement to modify a contract need not be express, instead, modification is determined by a party's objective manifestations, and it may be inferred from one party's silence, acquiescence, or inaction in the face of the other party's proposal to modify. Society of Roman Catholic Church of Diocese of Lafayette. Inc., v. Interstate Fire & Cas. Co., 126 F.3d 727, 738 (5th Cir.1997); *accord* In re Winstar Communications, Inc., __ F.3d __, (3d Cir.2009) 2009 WL 235676, [*]19–20 (a modification of a contract may arise by the course of conduct of a party, and a course of conduct consistent with the alleged modification manifests assent to the modification); International Business Lists. Inc. v. American Tel. & Tel. Co., 147 F.3d 636,641 (7th Cir.1998)(a contract is validly modified if the party who did not propose the changes is shown to acquiesce through a course of conduct consistent with acceptance of the changes); Carabetta Enterprises. Inc. v. United States, 58 Fed.Cl. 563,567 (Fed.Cl.2003); *see also* Cousineau v. Norstan, Inc., 322 F.3d 493, 497 (8th Cir.2003)(modification of a contract is determined by party's actual conduct, not subjective understanding); Lauderdale County School Dist. By and Through Bd of Educ. v. Enterprise Consol. School Dist. By and Through Bd. of Educ., 24 F.2d 671,687 (5th Cir.1994)(the subsequent actions of parties to a contract can modify the contract to the extent consistent with the subsequent course of conduct); Byers Transp. Co. v. Fourth Nat. Bank & Trust Co., Wichita, 333 F.2d 822, 825 (10th Cir.1964)(modification of contract may be implied by parties' subsequent conduct).

In these jurisdictions, modification may generally be shown through acquiescence of the

non-modifying party because a contract's modification provisions are never an exclusive method of modification, as parties may waive a contract's stated method of modification, or any other rights guaranteed to them under a contract. Cousineau v. Norstan, Inc., 322 F.3d 493, 497, n.3 (8th Cir.2003); Universal C.I.T. Credit Corp. v. Stewart, 262 F.2d 745, 749, n.6 (5th Cir.1959).

In this case, the Defendants have shown that they acted in conformity with the express provisions of the written employment agreements by terminating the Plaintiffs without cause and issuing them severance packages in accordance with the express terms of the contract. In opposition, the Plaintiffs have produced no evidence that the Defendants ever acted in conformity with the alleged modification and representations never to terminate the employees without cause. The undisputed evidence shows that the Defendants acted under the terms of the written contract, and the Plaintiffs have failed to show any act in conformity with the modified oral contract, as would be required to show a modification in other jurisdictions.

## C.      Waiver Through Acceptance of Severance Payment.

More important to this Court's analysis of the case is the legal maxim that a contracting party who receives payment of money in the performance of a contract, with knowledge of a breach by the other party and without timely reservation of rights, waives the breach. Universal C.I.T. Credit Corp. v. Stewart, 262 F.2d 745, 749 (5th Cir.1959); *accord* Westfed Holdings, Inc. v. United States, 407 F.3d 1352, 1360 (C.A.Fed.2005)(a party who knows of a breach, but accepts payment under a contract without protest or reservation of rights, waives the breach); Jet Asphalt & Rock Co., Inc. v. Angelo Iafrate Const. LLC, 431 F.3d 613, 617–18 (8th Cir.2005)(a party to a contract who accepts the benefits provided under the terms of the contract, and permits the other party to continue in breach thereof, waives the right to insist on the breach); Havoco of America,

Ltd. v. Sumitomo Corp. of America, 971 F.2d 1332, 1338 (7th Cir.1992)(continuous acceptance of benefits, after learning of the other party's breach of contract constitutes a waiver of the breach).

The Plaintiffs has failed to create a genuine issue of material fact because the information contained in the declarations of Joseph E. Montague, Johnny M. San Nicolas, Cyrus M. Hill, Jr., David A. Mantanona, and Christopher Q. Paulino do not contradict the evidence presented showing that the Plaintiffs acquiesced in unreservedly accepting money in the amount calculated under the written employment severance provisions with full knowledge of the alleged breach of oral representations that the Plaintiffs would not be fired without cause. The declarations establish not only silence or inaction on the part of the Plaintiffs when terminated, but actual action by cashing the severance checks issued to them pursuant to the terms of the written contract. Defendants' Exhibits 1 and 2.

The Plaintiffs' response fails to address the evidence presented by the Defendants showing that the Plaintiffs assented and acquiesced in the terms of the contract, and waived any breach of the alleged oral or implied modified contract by acceptance of payment.from the Defendants under the written contract with knowledge of the alleged breach. Plaintiffs present nothing to rebut the evidence offered by the Defendants, and have provided no testimony or other evidence to show that it reserved its rights to pursue a breach of contract action. Plaintiffs present no evidence showing that the Plaintiffs accepted the severance payments under protest, or non-acceptance of payment, as would be required to show that the Plaintiffs did not assent to the terms of payment under the contract, or did not waive any potential breach associated with the alleged modification.

## CONCLUSION

After hearing arguments on the motion and considering all of the filings and evidence presented, the Court finds that there are no issues of material fact and the Defendants are entitled to judgment as a matter of law. Based upon the foregoing, the Motion for Summary Judgment is GRANTED.

SO ORDERED:    MAR 2 6 2009

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

I do hereby certly that the to=&— is a lull true and correct copy of the original on file in the office of the clerk of the Superior Court, Guam

Dated at Agana, Guam

MAR 2 6 2009

Jacqueline S. C. Terlaje

Deputy Clerk, Superior Court of Guam